# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-666V
Filed: November 27, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| ROBERT MELI, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | Decision on Damages; |
| | * | Proffer; Influenza ("Flu") |
| v. | * | Vaccine; Guillain-Barre |
| | * | Syndrome ("GBS"). |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Phyllis Widman, Esq.*, Widman Law Firm, LLC, Ocean City, NJ for petitioner.
*Daniel Principato, Esq.*, US Department of Justice, Washington, DC, for respondent.

## DECISION ON DAMAGES[1]

**Roth**, Special Master:

On May 22, 2017, Robert Meli ["Mr. Meli" or "petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he developed Guillain-Barre Syndrome ("GBS") after receiving an influenza vaccination on October 13, 2016. *See* Petition, ECF No. 1. Respondent thereafter filed a report pursuant to Vaccine Rule 4(c) electing not to contest entitlement to compensation. Respondent's Report at 1, ECF No. 26.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

A Ruling on Entitlement was issued. ECF No. 27. Respondent filed a proffer on November 26, 2018, agreeing to issue the following payment:

> **A lump sum of $150,000.00 in the form of a check payable to petitioner, Robert Meli.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

I adopt respondent's proffer attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                             **s/ Mindy Michaels Roth**
                                             Mindy Michaels Roth
                                             Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____
                                              )
ROBERT MELI,                                  )
                                              )
       Petitioner,                       )    No. 17-666V
                                              )    Special Master Roth
v.                                            )    ECF
                                              )
SECRETARY OF HEALTH AND                       )
HUMAN SERVICES,                               )
                                              )
       Respondent.                       )
_____)

## RESPONDENT'S REPORT AND PROFFER

On May 22, 2017, Robert Meli ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 *et seq.* Petitioner alleges that he suffered Guillain-Barre syndrome ("GBS") as a result of an influenza vaccine administered on October 13, 2016. *See generally* Petition.

In accordance with the Rules of the United States Court of Federal Claims, Appendix B, Vaccine Rule 4(c), the Secretary of Health and Human Services ("respondent"), submits the following as his responsive report. The facts of this case, as reflected in the Petition and accompanying documents, were reviewed by medical personnel of the Division of Injury Compensation Programs, Department of Health and Human Services ("DICP"). Respondent's opinion is that this case is appropriate for compensation under the terms of the Act.

## FACTS

Petitioner was 70 years old when he received the flu vaccine on October 13, 2016, at the office of his primary care provider ("PCP"). Exhibit ("Ex.") 1 at 1.

On November 1, 2016, petitioner presented to the emergency room, complaining of a one-week history of back pain. Ex. 4 at 22. He described the pain as being intermittent and radiating into his arms and legs. *Id.* A neurologic exam was normal, and petitioner was assessed with thoracic back pain. *Id.* at 23-24.

Petitioner presented to a neurologist on November 9, 2016, reporting that about a week after his flu shot, he "developed interscapular pain with numbness and tingling of both hands and feet that is constant" and "was followed by weakness of his legs." Ex. 3 at 1. He "present[ed] with persistent numbness and tingling of his limbs, weakness, and left facial droop." *Id.* An exam revealed "weakness of the small hand muscles and questionable weakness of the hip flexors of the hamstrings" and impaired sensation. *Id.* at 2. Petitioner was also "areflexic to both upper and lower extremities." *Id.* Petitioner was diagnosed with GBS and admitted to the hospital for a five-day course of IVIG. *Id.* Petitioner was discharged on November 14, 2016, with diagnoses of, inter alia, GBS and Bell's palsy. Ex. 5 at 47.

On December 5, 2016, petitioner followed with neurology, reporting that he was "90% better." Ex. 3 at 3. Petitioner's "left facial paralysis" was also improved. *Id.* Petitioner further reported "only slight tingling of his fingertips and toes but his weakness of his hands and going up steps has improved significantly," and "denie[d] any new neurologic complaints." *Id.* The impression was that petitioner was "recovering nicely from [GBS]." *Id.* at 4.

Petitioner's PCP wrote a letter dated May 4, 2017, stating that petitioner had "been making progress in his recovery" and that his "optimal recovery may be a year or more from onset but his prognosis at this point is good." Ex. 6 at 1. Petitioner's PCP wrote a second letter on November 9, 2017, stating that he had seen petitioner on September 13, 2017, and the impression from that visit included GBS "secondary to influenza vaccination." Ex. 7 at 1.

2

## **DISCUSSION**

DICP has reviewed the Petition, medical records, and affidavit filed in this case, and has concluded that petitioner's alleged injury meets the requirements of the Vaccine Injury Table for GBS following the seasonal flu vaccination. *See* 42 C.F.R. §§ 100.3(a)(XIV), (b)(15), as amended. That is, petitioner had the onset of GBS within 3 to 42 days of receiving the flu vaccine, the diagnosis is not in dispute, and no other causes for his GBS have been identified. *Id.;* 42 U.S.C. § 300aa-13(a)(1)(B). Further, petitioner's records show that he suffered the sequela of his injury for more than six months after vaccination. *See* 42 U.S.C. § 300aa-11(c)(1)(D). Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act.

\* \* \*

## **PROFFER ON AWARD OF COMPENSATION**

**I.      Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $150,000.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.     Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $150,000.00 in the form of a check payable to petitioner.[1] Petitioner agrees.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

---

[1] Should Petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

/s/ Daniel A. Principato
DANIEL A. PRINCIPATO
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Phone: (202) 616-3662
Fax:    (202) 353-2988

Dated:  November 26, 2018

4